Filed 3/5/26  P. v. Bragg CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065405 |
| v. | (Super. Ct. No. 24CF1316) |
| DAVID GIRARD BRAGG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant David Girard Bragg was convicted by a jury of one count of attempted robbery. On appeal, his appointed attorney filed a brief pursuant to the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738. While not arguing against his client, counsel represented he found no arguable issues to advance on appeal and asked us to review the appellate record, which we have done. We also advised Bragg of his right to file a written argument on his own behalf, but he has not done so. Finding no arguable issues, we affirm the judgment.

STATEMENT OF FACTS

On the night of May 18, 2024, J.M. was working the walk-up window at a donut shop in Orange when Bragg came up to the window and said, "Give me all the money in the register." At first, J.M. thought Bragg was joking because he spoke in a calm manner. But when Bragg dropped one hand below the window counter and repeated the demand several times in a louder voice, J.M. got scared and told him, "I can't do that. I'm sorry."

Bragg then left the window and began walking toward the back of the shop. A few minutes later, though, he returned to the window and began demanding money from J.M. again, saying, "I need the money in the register." Bragg was agitated and shouting this time around, but J.M. did not give him any money. J.M.'s coworker called the police, and Bragg was arrested at the scene.[1]

In closing argument, defense counsel argued Bragg lacked the intent to commit robbery and compared him to a panhandler who was just asking for money, not aggressively demanding it. However, the jury convicted

---

[1] At trial, surveillance video of the encounters between Bragg and J.M. were played to the jury during the prosecution's case.

2

Bragg of attempted robbery, and he was placed on probation after the trial court suspended his two-year prison sentence.

DISCUSSION

As we mentioned at the outset, appellate counsel was unable to find any arguable issues to raise on Bragg's behalf. He did, however, identify two unbriefed issues to assist us in our review of the record: (1) Whether the trial court erred in sustaining a hearsay objection to a statement regarding Bragg's physical condition; and (2) whether the court erred in limiting defense counsel's closing argument. Appellate counsel also suggests we consider whether the prosecutor should have charged Bragg with misdemeanor disorderly conduct, rather than felony attempted robbery.

The hearsay issue arose during the testimony of Jacob Reyes, one of the arresting officers. On cross-examination, Reyes testified that after Bragg was transported to the police station, he was taken to the hospital by the fire department.[2] During this line of questioning, defense counsel asked Reyes if Bragg "indicated to you he was having trouble breathing?" However, the trial court sustained the prosecutor's hearsay objection before Reyes answered the question, and defense counsel moved on to another topic.

As appellate counsel admits, the trial court's hearsay ruling was correct to the extent defense counsel was asking Reyes what Bragg personally said to him. But even if the ruling was incorrect, it is not cause for reversal. Appellate counsel suggests Bragg's physical condition could have been used to show he lacked the intent to rob at the donut shop, but there was no evidence Bragg was in physical distress at the shop. Nor is there anything to

---

[2] The record does not disclose why Bragg was brought to the hospital.

suggest his breathing problems had any bearing on his mental condition. It is not reasonably likely Bragg would have obtained a more favorable result had the trial court overruled the prosecutor's hearsay objection to the question about his breathing. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

We reach the same conclusion with respect to whether the trial court erred by precluding defense counsel from arguing in closing that Bragg's actions at the donut shop were attributable to mental health issues he was experiencing. Appellate counsel suggests the argument was fair game because J.M. had testified Bragg appeared worried, distressed, and not "in the proper mental state" when he demanded the register money.

But there was no evidence at trial that Bragg suffered from mental health issues. And even if there was a sufficient evidentiary basis for defense counsel to make the argument, the jury would not have been required to accept it. After all, J.M. testified Bragg was calm when he initially approached him at the window, and he did not become agitated and start shouting until J.M. refused to surrender the register money. Under these circumstances, the jury could reasonably conclude Bragg's agitated mental state was due to his inability to secure the loot, as opposed to a mental health issue. We do not believe Bragg would have fared better at trial had the trial court permitted his attorney to argue this issue.

Lastly, as to whether Bragg should have been charged with a misdemeanor rather than a felony, the law is clear that prosecutors have broad discretion in deciding what charges to bring. (*County of Santa Clara v. Superior Court* (2010) 50 Cal.4th 35, 61.) Just because Bragg's conduct may have also constituted a misdemeanor does not mean he was improperly charged with a felony. (See *Davis v. Municipal Court* (1988) 46 Cal.3d 64, 82 ["the fact that the prosecutor may have had discretion to charge the

4

defendant with a misdemeanor rather than a felony does not give such a defendant the constitutional right to be treated as if he had been charged with the lesser offense"].)

Having reviewed the entire record for any other arguable issues, we are convinced none exist. We thus affirm the judgment.

DISPOSITION

The judgment is affirmed.


GOODING, J.

WE CONCUR:


MOORE, ACTING P. J.


DELANEY, J.


5